■ RCA CORPORATION, Appellant, v COLUMBIA PICTURES INDUSTRIES, INC., Defendant-Respondent and Third-Party Plaintiff. GRT CORPORATION, Third-Party Defendant.—Order of the Supreme Court, New York County,. entered December 18, 1979, denying plaintiff's motion for summary judgment on the first cause of action reversed, on the law, with costs, the motion granted and a hearing directed for the assessment of counsel fee and incidental expenses. Buddah Records, Inc. (Buddah) is a corporation engaged in the production of master recordings and tapes. On March 1, 1977, RCA Corporation (RCA) and Buddah entered into an agreement pursuant to which RCA became the distributor of records and prerecorded tapes made from master recordings produced by Buddah. As part of that agreement RCA undertook to pay to a division of GRT Corporation (GRT) the sum of $250,000 in 24 equal monthly installments commencing April 15, 1977. By letter dated March 2, 1977, addressed by RCA to GRT, RCA agreed to make these payments directly to GRT. Seemingly, this letter was part of the arrangement between RCA and Buddah. Subsequently, on September 30, 1977, RCA and Buddah entered into an agreement terminating their original agreement as of that day. The same day a tripartite agreement was entered among RCA, Buddah and the Arista Division of Columbia Pictures Industries, Inc. (Arista), pursuant to which Arista became the distributor of recordings and prerecorded tapes made from Buddah's master recordings. Under the tripartite agreement Arista agreed to assume RCA's obligation to GRT and further agreed to indemnify RCA for any loss to it by reason of Arista's failure to make the required payments to GRT, including all reasonable counsel fees incurred in connection therewith. Commencing August, 1978 and continuing through November 1, 1978, Arista failed and refused to make the required payments to GRT, contending that GRT was indebted to it in the sum of $41,666.67 in connection with a totally unrelated transaction and insisting that it was entitled to an offset by reason thereof. GRT was not a party to the tripartite agreement. Pursuant to the RCA-Buddah agreement of March 1, 1977 and the letter from RCA and GRT dated March 2, 1977, GRT made demand for payment upon RCA. RCA made the payment, as it was required to do under the letter transmitted by it to GRT. Thereupon it requested reimbursement from Arista. Arista refused to pay and this action was brought. Although the complaint contains three causes of action only the first cause which seeks recovery of $41,666.67 with interest plus counsel fee and incidental expenses, is before us. Special Term denied RCA's motion for summary judgment, reasoning that GRT's acceptance of payments from Arista raised an issue of fact as to whether GRT had waived its right to collect from RCA. That issue, it held, required determination by the trier of the fact. We disagree. While the agreement of September 30, 1977 terminated the agreement between RCA and Buddah and thus effectively abrogated the right of Buddah to enforce payment by RCA to GRT under the March 1, 1977 agreement, GRT was not a party to the agreement. GRT's rights against RCA found origin in the letter of March 2, 1977. So long as GRT did not release RCA from the obligation to make the payments directly to it, and it is undisputed that it did not do so, that obligation remained enforceable. In light of the failure to include GRT as a party to the termination agreement of September 30, 1977, the acceptance

of payments by GRT from Arista signified no itent by GRT to release RCA from its obligation to pay. Moreover, Arista's covenant to reimburse RCA contained in the tripartite treaty of September 30, 1977, clearly signified a recognition that despite payments to be made by Arista to GRT, RCA still remained liable under the letter of March 2, 1977. Accordingly, we reverse and we grant summary judgment in favor of RCA on the first cause of action. Inasmuch as counsel fee, and the incidental expenses therewith connected, are an unliquidated claim, we direct an assessment thereof. Concur—Sullivan, Lupiano, Bloom and Carro, JJ.

Kupferman, J. P., dissents in a memorandum as follows: I dissent and would affirm. The majority opinion fairly sets forth the facts and the situation. However, it ignores an important aspect of the agreement of September 30, 1977, pursuant to which Arista agreed "to indemnify RCA and hold RCA harmless against any and all losses, damages, and/or expenses (including reasonable attorneys' fees) arising out of or connected with any breach by Arista of this agreement to assume such obligation(s)." There is no contention that Arista was not in a position to stand behind this indemnification arrangement. Accordingly, RCA was fully protected when Arista sought to offset its claim against GRT. RCA acted as a volunteer in making the payment to GRT and now seeks to be made whole for its own indulgence. However, there is an issue of fact as to the good faith action of Arista with respect to the setoff, which would need to be explored. Therefore, summary judgment cannot be granted to the defendant. As to counsel fees, they are sought by the plaintiff based on the above-quoted provision of the letter agreement of September 30, 1977. That provision seemingly does not apply to the situation here presented, but it could apply in the event that RCA establishes that Arista was not proceeding in good faith. This, too, requires a factual determination, and there should not at this time be an assessment. Settle order.